**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANA MARIA MORALES,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 12-71307<br><br>Agency No. A074-802-766<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014**

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

    Ana Maria Morales, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT") and a motion

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for continuance. Our jurisdiction is governed by under 8 U.S.C. § 1252. We review de novo questions of law, *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2013), and for substantial evidence the factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Morales' past experiences in Guatemala, including the incident with the military in 1987, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel finding of past persecution). Further, Morales did not establish that the death of extended family members were part of a pattern of persecution tied to Morales. *See Wakkary*, 558 F. 3d at 1060. We lack jurisdiction to consider Morales' humanitarian asylum claim because she did not raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Morales' related due process claim regarding humanitarian asylum fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

Substantial evidence also supports the BIA's finding that Morales failed to demonstrate a well-founded fear of future persecution where her husband returned

to Guatemala without problems. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident."). Thus, Morales' asylum claim fails.

Because Morales failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Morales does not make any specific arguments with respect to CAT. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

We reject Morales' contention that due process was violated by denial of continuance. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on a due process challenge). *See also Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on ... speculation.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**